IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD PEAMON, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-21-1023 |
| VERIZON CABLE CORP.[1] | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM OPINION**

Self-represented Plaintiff Richard Peamon filed this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship of the parties against Verizon Cable Corp., alleging claims arising from his contract with Defendant. The complaint was filed together with a motion for leave to proceed *in forma pauperis*, which shall be granted.

**I.  Background**

Mr. Peamon provides an address for himself in Baltimore and asserts that Defendant has its principal place of business in New York, is incorporated in Maryland, and maintains an office on Pratt Street in Baltimore. Complaint, ECF No. 1 at 1, 5, 6.

Mr. Peamon asserts that in 2019, he entered into a two-year agreement to pay Defendant a monthly fee of $134.00 for a "bundle" of telephone, cable television, and internet services. *Id*. at 5. He complains that Defendant adds a late charge to his bill every month without cause, he is charged for the use of cable boxes on every bill, and his request to terminate his internet service under the contract (which would save him $65.00 per month) was disregarded by customer service in Defendant's Baltimore office which has indicated that the contract will expire in July of 2021.

---

[1]  The Clerk will amend the spelling of Defendant's name.

*Id*. at 6.  He is seeking $90,000 in punitive damages and the return of the "overpayment charges" on his two-year contract.  *Id*. at 5, 6.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3).  "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004). Consequently, a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it.  If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte.  See Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir. 2006).

In addition, the court must *sua sponte* dismiss claims filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2) if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. *Michau v. Charleston Cty.,* 434 F.3d 725, *728* (4th Cir. 2005)*.*  A court has broad, inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, sham, vexatious, or brought in bad faith.  *Crowley Cutlery Co. v. United States,* 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative); *Brown v. District Unemployment Compensation Board,* 411 F.Supp. 1001 (D.C.1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action *sua sponte*); *see also* 28 U.S.C. § 1915(e)(2).  The court has liberally construed the complaint and finds the claims presented are plainly frivolous.

2

## II.     Jurisdiction

The jurisdiction of the federal courts is limited.  Federal jurisdiction is available only when a "federal question"[2] is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §§ 1331, 1332.

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  For purposes of diversity, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business."  28 U.S.C. §1332(c)(1).  The Supreme Court has made clear that a corporation's principal place of business is the place where "the corporation's high level officers direct, control, and coordinate the corporation's activities [which is] often metaphorically called . . . the corporation's 'nerve center,'" and "will typically be found at [the] corporation's headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010): *accord Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 104–07 (4th Cir. 2011) (holding that a corporation's ("day-to-day" operations in West Virginia did not change the conclusion that corporation's nerve center was in Michigan).  It is not clear from the face of the complaint, whether the parties are citizens of different states, but it will not be necessary to resolve that question because the amount in controversy is clearly below the threshold.

A plaintiff bears the burden of showing to a legal certainty that his claim satisfies the jurisdictional amount.  *See Schaefer v. Aetna Life & Cas. Co.*, 910 F.Supp. 1095, 1097 (D.Md.1996); 14B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3702, at 33–34 (3rd ed. 2004).  "[I]f it appears to a legal certainty that the plaintiff cannot recover the

---

[2]   Mr. Peamon does not assert a federal question in the complaint.

jurisdictional amount, the case will be dismissed for want of jurisdiction." *Wiggins v. N. Am. Equitable Life Assurance Co.,* 644 F.2d 1014, 1017 (4th Cir.1981) (quoting *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir.1957)); *FLF, Inc. v. World Publs.*, 999 F.Supp. 640, 643–44 (D.Md.1998) (citing *Wiggins*).

In Maryland, punitive damages are not available in a breach of contract action. *Bitasheva. v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289 (citing *Munday v. Waste Mgmt. of N. Am.,* 997 F.Supp. 681, 685 (D.Md.1998) (citation omitted).[3] Aside from the punitive damages which are not recoverable, the complaint discloses a small amount of overcharges. Because it is a "legal certainty" that Mr. Peamon cannot recover punitive damages for breach of contract, the amount in controversy based on his overcharges, liberally construed includes: $50.00 to restore service, "$780.00 or $539.00" in arrears, and unspecified extra charges for use of cable boxes. ECF No. 1 a 5, 6; ECF No. 1-2 at 3-6 (bills from March 26, 2021, October 26, 2020, September 26, 2020, including $134.00 monthly fee, taxes, surcharges, equipment maintenance and rental, other fees, and late payment charges). The total amount of these charges falls far short of the $75,000 amount in controversy threshold for diversity jurisdiction.

**III.   Conclusion**

Because the amount in controversy is unsatisfied and the prerequisites for diversity jurisdiction under § 1332 are unmet, this court lacks subject matter jurisdiction to consider this matter. A separate order will be entered.

                                                      /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[3] The complaint neither alleges nor presents facts alleging a tort claim sounding in fraud. Notably, were Mr. Peamon intending to raise such a claim, in order to obtain punitive damages he would have to prove that Defendant had actual malice. *Bitasheva,* 366 F. Supp. 2d at 295 (citing *Montgomery Ward v. Wilson,* 339 Md. 701, 664 A.2d 916, 930 n. 5 (1995)).